IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMIEN DOUGLAS,

       Plaintiff,       Civil No. 04-1774-AA

       v.               ORDER

SHERIFF DAN NOELLE, et al.,

       Defendants.

AIKEN, District Judge.

On December 8, 2004, plaintiff filed six separate complaints alleging claims for violations of his First Amendment rights. By order (#5) entered February 11, 2005, plaintiff was ordered to file a single complaint incorporating all of his claims in a single complaint and consolidating his six different pending civil actions. On March 18, 2004, plaintiff filed an Amended Civil Rights Complaint (#7) alleging six claims for violations of his First Amendment

1 - ORDER

rights between July 14, 2000 and December 1, 2002.

Defendants now move to dismiss (#14) on the ground that plaintiff did not commence this action within the applicable statute of limitations.

In 42 U.S. C. § 1983 suits, state law governs the length of the limitations period. Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Section 1983 claims are to be characterized as personal injury actions for statute of limitations purposes. Davis v. Harvey, 789 F.2d 1331, 1333 (9th Cir. 1986). ORS 12.1110(1) provides for a two year limitations period for personal injury actions.

Federal law controls the question of when a claim accrues. Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000). Under federal law a claim accrues when the plaintiff knows or should know, of the injury that is the basis of the cause of action. Id. In addition, federal law controls when determining when an action "commences" for purposes of the statute of limitations. Sain v. City of Bend, 309 F.3d 1134, 1136 (9th Cir. 2002). Under Fed. R. Civ. P. 3, a § 1983 action commences in federal district court for the purposes of the statute of limitations when a complaint if filed. Id, at 1138.

Plaintiff alleges that the incidents giving rise to his claims in this action occurred on between July 4, 2000 and December 1, 2002. Thus, in order to be timely, plaintiff

2 - ORDER

would have had to file his claims on or before December 1, 2001. Plaintiff's complaint this action was filed by the Clerk of the Court on December 8, 2004.

Plaintiff concedes that the two year statute of limitations applies to his claims in this case. Plaintiff argues that he commenced this action when he mailed his complaint[1] to the court on November 30, 2004.

In <u>Houston v. Lack</u>, 487 U.S. 266 (1988) the Supreme Court held that the inmate petitioner filed his pro se notice of appeal from the dismissal of his § 2254 petition within the requisite 30-day period, when three days before the deadline, he delivered the notice to prison authorities for forwarding to the District Court. The Court reasoned that prisoners proceeding without assistance of counsel cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk received and stamped their notices of appeal before the 30-day deadline. <u>Id</u>. at 270-71.

The Ninth Circuit has adopted the "mailbox rule" and has extended it to the filing of habeas corpus petitions for purposes of calculating tolling time under the AEDPA, to non-habeas appeals including appeals in civil rights cases, to

---

[1]As noted above, plaintiff actually mailed six separate complaints, or six separate claims that were filed as separate complaints.

3 - ORDER

trust account statements, to motions for judgment N.O.V., and to discovery responses. See, Saffold v. Newland, 250 F.3d 1262, 1265 (9th Cir. 2001)(the mailbox rule for pro se prisoners applies to habeas petitions in state and federal court for purposes of calculating tolling time under the AEDPA); Hostler v. Groves, 912 F.2d 1158, 1161 (9th Cir. 1990) (Houston applies to notices of appeal filed in non-habeas cases by incarcerated prisoners acting pro se); Ellis v City of San Diego, 176 F.3d 1183, 1186 (9th Cir. 1999) (applying Houston to pro se prisoner's notice of appeal of dismissal of civil rights complaint); James v. Madison St. Jail, 122 F.3d 27 (9th Cir. 1997)(Houston applies to filing of inmate trust account statements required by 28 U.S.C. § 1915(a)(2)); Caldwell v.Amend, 30 F.3d 1199 (9th Cir. 1994) applying Houston to filing of a Rule 50(b) motion). In 1993, a section was added to Rule 4 of the Federal Rules of Appellate Procedure that codified the application of Houston to inmates filing notices of appeal. See, Koch v. Ricketts, 68 F.3d 1191, 1193 (9th Cir. 1995); see also, FRAP 4(c) (appeal by inmate confined in an institution).

However, the Ninth Circuit has yet to extend the mailbox rule to the filing of a civil rights complaint[2], and I find

---

[2]But see, Irvin v. Khoury, 103 F.3d 138 (9th Cir. 1996) 1996 WL 711481 (9th Cir. Cal)(unpublished opinion).

4 - ORDER

that it is not appropriate to extend it to the circumstances of this case which does not involve the time constraints faced by other litigants in cases where the Ninth Circuit has applied the rule. In each of the above referenced cases, the Ninth Circuit extended the Houston rule because of the time constraints of one-year or less faced by the incarcerated litigant. Here, plaintiff had acknowledges that he was aware of the two-year limitations period.

    Moreover, the Houston rule does not apply in this case because the plaintiff did not give his complaint to prison authorities for filing, but rather mailed his complaint(s) by registered mail See, Plaintiff's Response (#16). The Ninth Circuit has concluded that the mailbox rule does not apply under such circumstances. In Miller v. Sumner, 921 F.2d 202 (9th Cir. 1990), superceded by statute in Koch v. Ricketts, supra, the inmate placed his notice of appeal in a prison mailbox within the time for filing the appeal. The court concluded that the mailbox rule did not apply because the plaintiff did not hand the notice over to prison authorities and depend on them to file it in a timely manner. In this action, like Miller, the Houston rule does not apply because the plaintiff did not entrust prison officials to deliver his mail, but rather mailed the complaint by registered mail.

    I note that even if the "mail box" rule applied to the

circumstances of this case that the only claim that would be "saved" by the application of the rule is conduct that allegedly occurred on December 1, 2001, Ie., plaintiff's second claim for relief.

Defendants' Motion to Dismiss (#14) is allowed. This action is dismissed.

IT IS SO ORDERED

DATED this __17__ day of June, 2005.

          _____/S/ Ann Aiken_____
          Ann Aiken
          United States District Judge