FILED'10 DEC 20 10:33USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAMEION DOUGLAS,

              Plaintiff,         Civil No. 04-1774-AA

          v.                 ORDER

DAN NOELLE, et al.,

              Defendants.

AIKEN, District Judge.

    Plaintiff's Second Amended Complaint alleges seven claims for relief. Each claim alleges, *inter alia*, that defendants' conduct violated his First Amendment rights under the United States Constitution, and seeks monetary relief under 42 U.S.C. sec. 1983. In addition, plaintiff's claims 2, 4,and 6 allege violations of plaintiff's rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. sec. 2000cc- *et.seq*. Plaintiff's Fifth Claim asserts a violation of the Equal Protection Clause of the Fourteenth Amendment and plaintiff's Seventh Claim alleges a violation of the Eighth Amendment's prohibition against cruel and unusual

1 - ORDER

punishment.

Defendants now move to dismiss "all the Constitutional claims brought under 42 U.S.C. sec. 1983, in Claims 1, and 3-6 of plaintiff's Second Amended Complaint because they are beyond the statute of limitations. In addition, defendants move for dismissal of plaintiff's claims under RLUIPA because they fail to state a claim upon which relief can be granted, and/or because one of the claims is beyond the statute of limitations." Motion to Dismiss (#96), p. 2. Defendants note: "The Ninth Circuit has already determined that Plaintiff's Second Claim for relief against Deputies Hall and Livingston was timely filed, and therefore is not part of Defendants' present motion to dismiss. *See, Douglas v. Noelle*, 567 F.3d 1103, 1104 (2009). Defendants' Memorandum (#97) p. 2, fn. 1.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985); <u>Silva v. Crain</u>, 169 F.3d 608, 610 (9th Cir. 1999); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2002); <u>Cooper v. City of Ashland</u>, 871 F.2d 104, 105 (9th Cir. 1988); <u>Davis v. Harvey</u>, 789 F.2d

1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In addition, federal law controls when an action "commences" for the purposes of the statute of limitations. *Sain, supra* at 1136. Under FRCP 3, a 1983 action commences in federal district court for purposes of the statute of limitations when the complaint is filed. Id. at 1138.

In cases where the plaintiff is incarcerated, the "prison mailbox rule" generally applies, and an action is deemed "filed" when the inmate plaintiff deposits the complaint in the mail at the prison facility where he is incarcerated. Douglas v. Nolle, 567 F.3d 1103, 1104 (9th Cir. 2009). Accordingly, for statute of limitations purposes, plaintiff filed his original complaint in this action on November 30, 2004. Id. Plaintiff alleges that the incidents taht form the basis of Claims 1 and 3-6, occurred between July 14, 2000 and September 25, 2001. Second Amended Complaint (#91) p. 1-2, 5-11. Therefore, plaintiff November 30, 2004 filing was well beyond the applicable two year statute of limitations.

3 - ORDER

Plaintiff alleges that he did not have reason to know that defendants' alleged conduct was actionable as a civil rights lawsuit until October 29, 2004, when he was informed of his legal rights by a prison legal assistant. Id., p. 2, 4-5, 7, 9, and 11.  However, plaintiff allegations make clear that plaintiff was aware of the facts and circumstances underlying the alleged constitutional injuries at the time they allegedly occurred.  The fact that plaintiff may not have known that the conduct was actionable is immaterial.  A *pro se* plaintiff's ignorance of the law is not a circumstance that warrants equitable tolling of the statute of limitations.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Plaintiff argues that under the continuing violation doctrine , a constitutional violation outside the limitations period is not time barred if it is caused by a continuing discriminatory policy.  Plaintiff further argues that because he alleges that defendants' conduct was "part of a ongoing 'custom or policy' 'pattern or practice' of retaliation against [him]" the "continuing violation doctrine" applies. Plaintiff's Motion in Opposition (#102) p. 3-5.[1]

In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101. 114 (2002) the Supreme Court substantially limited the

---

[1]As noted by defendants. it is doubtful whether the claims at issue here can be properly characterized as "pattern or practice claims."  Defendants have moved against the claims that plaintiff has asserted against individual defendants, sued in their *individual capacities. See*, Defendants' Reply (#105) p. 3, fn 1.

4 - ORDER

continuing violations doctrine, holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Under *Morgan*, claims based on discrete acts, such as the claims at issue in this case, are only timely if they occurred within the limitations period. Id. In a footnote, the *Morgan* court noted that it had no occasion to address the question of whether the continuing violations doctrine remained viable in the context of what the court referred to as "pattern or practice claims." Id., at p. 123 fn. 9. Relying on this footnote, plaintiff argues that the continuing violations doctrine saves his claims.

In Cherosky v. Henderson, 330 F.3d 1243, 1244 (9th Cir. 2003), the Ninth Circuit considered "the impact of *Morgan* on employment decisions that occurred outside of the limitations period, but were made pursuant to an alleged discriminatory policy that remained in effect during the limitations period." In *Cherosky* as here, the plaintiff attempted to characterized discrete acts of allegedly discriminatory conduct as a "pattern-or-practice" claim to overcome a timeliness challenge by the defendants. Id. at 1246. The Court held:

> "[T]he allegation that these discrete acts were undertaken pursuant to a discriminatory policy does not extend the limitations period ... plaintiff's assertion that this series of discrete acts flows from a company-wide, or systematic, discriminatory practice will not succeed in establishing the employer's liability for acts occurring outside the limitations period because the Supreme Court has determined that each incident of discrimination

> constitutes a separate actionable unlawful
> employment practice. Thus, a discriminatory
> practice, though it may extend over time and
> involve a series of related acts, remains divisible
> into a set of discrete actions, legal action on the
> basis of each of which may be brought within the
> statutory limitations period.

Id. at 1247 (internal citations and quotations omitted)

In reaching its holding in *Cherosky*, the Court relied on an earlier Supreme Court "pattern-or-practice" <u>Bazemore v. Friday</u>, 478 U.S. 385 (1986). In *Bazemore*, the Court considered a challenge to a discriminatory salary structure and explained that the plaintiff's claim did not accrue based on the existence of the policy or when the policy took effect, but rather that each discriminatory paycheck was actionable under Title VII. Id at 395. In other words, a claim accrued each time the salary policy was implemented. Id.

Similarly, in the present case, each instance of alleged retaliation was a discrete act and any cause of action accrued at the time it occurred. That the discrete acts of the individual defendants were allegedly undertaken pursuant to a policy or practice does not render them any less discrete and does not toll their accrual or extend the limitations period. *Cherosky*, 330 F.3d at 1247; *see also*, <u>Lyons v. Gordon</u>, 307 F.3d 1092, 1108 (9th Cir. 2002).

Plaintiff's construction of the continuing violations doctrine would render the statute of limitations for any civil rights claim meaningless so long as there was an accompanying *Monell* claim. As noted by the *Cherosky* court:

6 - ORDER

"[I]t would eviscerate *Morgan's* premise to circumvent timely filing requirements merely because a plaintiff alleges that the acts were taken pursuant to a discriminatory policy. As the Fifth Circuit observed, 'if the mere existence of a policy is sufficient to constitute a continuing violation, it is difficult to conceive of a circumstance in which a plaintiff's claim of an unlawful employment policy could be untimely.'"

Id., at 1248 (internal citations omitted).

Plaintiff's argument that his claims against individual defendants, sued in their individual capacities for discrete actions should be saved from the expiration of the statute of limitations by virtue of his "pattern or practice" allegation if contradicted by both *Morgan* and *Cherosky*.[2] As noted by defendants, "[t]o hold otherwise would run counter to the Supreme Court's admonition that the application of the continuing violations doctrine should be the exception and not the rule. *Cherosky*, 330 F.3d at 1248. Defendants' Reply (#105) p. 5.

Plaintiff's knew the facts and circumstances that form the basis of Claims 1, 3,4,5 and 6 and was aware of his alleged injuries at the time the incidents occurred. Plaintiff alleges the incidents occurred between July 14, 2000 and September 25, 2001.  Plaintiff filed this action on November 30, 2004, more than two years after his claims

---

[2] Although *Morgan* and *Cherosky* did not involve claims brought pursuant to 42 U.S.C. sec. 1983, their reasoning and application of the continuing violation doctrine applies with equal force to"actions arising under other civil rights laws.".  Cherosky v. Henderson, 330 F.3d at 1246, n.3; *see also*, R.K. Ventures, Inc., v. City of Seattle, 307 F.3d 1045 (9th Cir. 2002).

accrued. As discussed above, the continuing violation doctrine does not apply to the circumstances of this case. Accordingly, plaintiff's claims 1 and 3-6 are time barred.

Plaintiff's Claim 2 alleges that defendants Hall "violated [plaintiff's] rights under the Religious Land Use and Institutionalized Persons Act of 2000." Second Amended Complaint (#92) p. 3. Plaintiff's Claim 4 and Claim 6 allege that defendants McIlvain and Harrington respectively, violated plaintiff's rights under RLUIPA. Id., p. 6, 10. Plaintiff alleges that he is suing each of these defendants in their individual capacities, and that they should not be entitled to assert qualified immunity as a defense. Plaintiff's prayer for relief seeks money damages against the defendants for their alleged conduct. Second Amended Complaint (#91) p. 14.

Defendants move to dismiss plaintiff's RLUPIA claims for failure to state a claim "because RLUIPA does not provide a cause of action against individually named defendants." Memorandum in Support (#97) p. 5.

The Religious Land Use and Institutionalized Persons Act creates a cause of action for suits against "a government." The term "government" is defined as "(i) a State, county municipality, or other governmental entity created under the authority of the State; (ii) a branch, departemnt, agency, instrumentality, or official of an entity listed in [that] clause ...; and (iii) any other person acting under color of state law. ..." 42 U.S.C. sec. 2000cc-6. While the language

8 - ORDER

appears to create a cause of action against state and local government defendants in their individual capacities, the overwhelming weight of authority is to the contrary. *See*, <u>Harris v. Schriro</u>, 652 F.Supp.2d 1024 (D. Az., August 11, 2009) (summarizing the relevant authority and holding that no cause of actions for money damages against individually named defendants exists under RLUIPA).

Although the Ninth Circuit Court of Appeals has not ruled on the matter, the only circuit courts to have squarely addressed the issue are unanimous in holding that the passage of RLUIPA was an exercise of Congress's Spending Clause power, rather than its power under Section 5 of the Fourteenth Amendment. Therefore, the relevant authority holds that RLUIPA cannot be read to authorize suits for money damages against individual government defendants. *See*, <u>Smith v. Allen</u>, 502 F.3d 1255, 1272-73 (11 th Cir. 2007); <u>Nelson v. Miller</u>, 570 F.3d 868, 869 (7th Cir. 2009); <u>Sossamon v. Texas</u>, 560 F.3d 316, 327-29 (5th Cir. 2009); and <u>Rendelman v Rouse</u>, 569 F.3d 182, 187-88 (4th Cir. 2009).

Two cases in the District of Oregon have reached the same conclusion. In <u>Alvarez v. Hill</u>, CV 04-884-BR, 2010 U.S. Dist. LEXIS 12637, 2010 WL 582217 at 11 (D.Or. Feb. 12, 2010), Judge Brown reviewed RLUIPA claims asserted against individually named officers at a state operated correctional facility and held that RLUIPA does not provide for damages against state officials sued in their individual capacities. <u>Id</u>.

9 - ORDER

Similarly, in <u>Tyson v. Giusto</u>, No. CV 06-1415-KI, 2010 U.S. Dist. LEXIS 56526, 2010 WL 2246381 at 5-6 (D.Or. June 4, 2010), Judge King adopted the reasoning of *Alvarez* and the other circuit courts and held that an individual county defendant cannot be held liable under RLUIPA.

In this case, plaintiff seeks damages from individual defendants for alleged violations of his rights under RLUIPA. However, as discussed above, that Act does not provide a private right of action for money damages against individually named defendants. Therefore, plaintiff has failed to state a claim upon which relief can be granted under RLUIPA and those claims are dismissed.[3]

Based on all of the foregoing, defendants' Motion to dismiss (#96) is allowed. Plaintiff's Claims 1,3,4,5,6 and the RLUIPA claim alleged in Claim 2, are dismissed with prejudice.

IT IS SO ORDERED

DATED this 17 day of December, 2010.

Ann Aiken
United State District Judge

---

[3]Defendants' also argue that the RLUIPA claim alleged in plaintiff Claim 4 is barred by the statute of limitation. Memorandum in Support (#97) p. 7-8. However, because I find that plaintiff's allegations fail to state a RLUIPA claim, it is not necessary to address defendants' statute of limitations argument.